UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALI SALEH and UNCLE & COUSINS DELI
GROCERY CORP.,

                                 Plaintiffs,                COMPLAINT

           -against-                                Case No.:

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,

                                 Defendants.
------------------------------------------------------------x

      The Plaintiffs, ALI SALEH and UNCLE & COUSINS DELI GROCERY CORP., by their attorney, JESS M. BERKOWITZ, ESQ., complaining of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in the above-entitled action, respectfully allege as follows:

      1. Jurisdiction over this cause of action is founded under Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. §2023) and Section 279.7 of the Regulations of the United States Department of Agriculture, and Food and Nutrition Service (7 CFR § 279.7).

      2. The Plaintiff, ALI SALEH resides in the County of Kings, City and State of New York and submits his Declaration of Plaintiff attached hereto and annexed as part hereof.

      3. The Plaintiff, UNCLE & COUSINS DELI GROCERY CORP., is a domestic business organized under laws of the State of New York, with its principal place of business located at No. 9706 Seaview Avenue, Brooklyn, New York 11236, wherein it owns and operates a retail deli/grocery/convenience store.

      4. The Plaintiff, ALI SALEH is the sole proprietor of UNCLE & COUSINS DELI GROCERY CORP., in which he has invested his life saving to purchase and renovate this store

premises with the installation of new furnishings, fixtures and equipment necessary for the operation of a retail deli/grocery/convenience store.

5. After establishing this business, under the name of UNCLE & COUSINS DELI GROCERY CORP., on or about July 1, 2015 the Plaintiffs submitted an application to the United States Department of Agriculture, Food and Nutrition Service for authorization to participate as retail owners in the Food Stamp Program/Supplemental Nutrition Assistance Program (SNAP). The Plaintiff's application was approved by the Defendants in October, 2015. Prior to the incidents that gave rise to this proceeding, the Plaintiffs performance and record in the Food Stamp Program, Supplemental Nutrition Assistance Program (SNAP) has been exemplary and unblemished.

6. By letter of charges, dated May 7, 2024 the Defendants informed the Plaintiffs that they were charged with violating Section 278.6(e)(8) of Supplemental Nutrition Assistance Program (SNAP) regulations as a result of a violation and disqualification from the WIC Program, copy of said letter annexed hereto as Exhibit "A".

7. Defendant's assert that by virtue of the disqualification from the Special Supplemental Nutrition Program for Women, Infants and Children (WIC) for six (6) years due to violations of program rules and regulations same could result in disqualification from the SNAP.

8. In response to the Defendant's letter of charges, Plaintiffs, through their attorney submitted a reply on May 15, 2024, refuting the allegations of violations of the SNAP, stating that the store would suffer economically if disqualified for six (6) years and requesting the offer of a Civil Money Penalty (CMP) in lieu of the six (6) year SNAP disqualification, copy of said letter is annexed hereto as Exhibit "B".

9. By letter dated August 9, 2024, Denise Thomas the Section Chief, Retailer Operations Division of the USDA, Food and Nutrition Service, Supplemental Nutrition Assistance Program (SNAP), issued a determination that the Plaintiffs should be disqualified from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) years as result of the violations set forth in the letter of charges and refused to offer Plaintiffs a Hardship Civil Money Penalty in lieu of a six (6) year disqualification from the SNAP, copy of said letter is annexed hereto as Exhibit "C".

10. In response to the Defendant's determination, Plaintiffs, through counsel submitted a reply dated August 16, 2024, appealed the Retailer Operations Division's determination by requesting an Administrative Review of the Retailer Operations Division's determination to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) years and requested that Defendants offer a Hardship Civil Money Penalty in lieu of the disqualification, copy of said letter is annexed hereto as Exhibit "D".

11. The Defendants have now rendered a Final Agency Decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) years as contained in a Final Agency Decision letter signed by Lorie L. Conneen, Administrative Review Officer, dated and delivered on October 30, 2024, wherein they refused to offer Plaintiff a Hardship Civil Money Penalty in lieu of a six (6) year period of disqualification, a copy of which is annexed to the Complaint in this action as Exhibit "E".

12. That subsequent to each letter or decision a response or request for review was timely taken by the Plaintiffs within the Defendants' administrative framework, and the result of these appeals or reviews was to ultimately sustain and uphold the Defendants' decision to

disqualify the Plaintiffs from participating in the Supplemental Assistance Program (SNAP) for a period of six (6) years.

13. Such determination has been made without the Plaintiffs having been afforded the opportunity to confront and examine witnesses, review unredacted information in the Defendant's reports and the investigations and documents that form the basis of the charges lodged against said Plaintiffs so they may adequately defend themselves and be given due process.

14. This is a suit for judicial review of the determination and decision of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, to disqualify Plaintiffs from SNAP, in accordance with the provisions of Title 7 United States Code §2023 and CFR §279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service pertaining to the Supplemental Nutrition Assistance Program (SNAP).

15. The Plaintiffs have at all times and continue to deny the allegations contained in the letter of charges categorically denying each and every charge or violation set forth by the Defendants which constitute the grounds for the Plaintiffs disqualification as participants in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) years as described in the letter of charges.

16. The Defendants' decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program (SNAP) is arbitrary and capricious and without merit.

17. Pursuant to Section 278.6(f)(1), the FNS may impose a civil money penalty as a sanction in lieu of disqualification when the firm subject to a disqualification is selling a

substantial variety of staple food items, and the firm's disqualification would cause hardship to SNAP households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices.

18. Plaintiff has repeatedly requested that the civil money penalty should be imposed in lieu of disqualification for a period of six (6) years as it would be a hardship to the community should this store no longer be able to provide the goods and services to the immediate community.

19. It is submitted that pursuant to Section 278.6(8) that while the FNS shall disqualify from the Food Stamp Program any firm which is disqualified from the WIC Program, however, the FNS shall not disqualify a firm from the Food Stamp Program on the basis of a WIC disqualification where the firm was **not provided individual and specific notice** that it could be disqualified from the Food Stamp Program based on the WIC violations committed by the firm.

20. In this case, the owner himself was never provided individual notice that he personally could be disqualified from the Food Stamp Program, nor was this firm notified that the store itself could be disqualified from the Food Stamp Program.

21. It is further submitted that this owner never received a signed or dated a copy of any individual or specific notice advising him that the firm could be disqualified from the Food Stamp Program based on the WIC violations allegedly committed by the firm. It was only upon receipt of the Letter of Charges, dated May 7, 2024 that this owner realized that by agreeing to participate in the WIC Program there could be any ramifications of disqualification from the Food Stamp Program.

22. It is also submitted that a civil money penalty should be offered pursuant Section 278.6 where a six (6) year disqualification under the WIC Program as provided to FNS by the

WIC administering agency and would cause extreme hardship for participating Food Stamp households.

23. That pursuant to Section 278.6(f) the FNS may impose a civil money penalty as a sanction in lieu of disqualification when the firm subject to a disqualification is one of only a few stores selling a substantial variety of staple food items to the community and the firm's disqualification would cause hardship to food stamp households in the community because there is no other authorized retail food stores in the area selling as large a variety of staple food items at comparable prices.

24. It is respectfully submitted that this firm is be eligible for the hardship CMP in that there are no other authorized retail stores in the area selling the variety of staple foods at comparable prices as this owner, thus causing a hardship to the community which this store services.

25. That to disqualify this owner for a six (6) year period, due to alleged violations of the WIC program, which sanctioned this Plaintiff with a money penalty, will result in irreparable injury and damage to the Plaintiffs if this disqualification is imposed.

26. The Defendants' decision to disqualify the Plaintiffs from the Supplemental Nutrition Assistance Program (SNAP) is arbitrary and capricious and is in violation of the Defendants' own Regulations.

27. The Plaintiffs have exhausted all administrative remedies herein.

WHEREFORE, the Plaintiffs' respectfully requests this Court to review and set aside the decision and determination of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE to

disqualify Plaintiffs from the Supplemental Nutrition Assistance Program SNAP) for six (6) months and for such other and further relief as to this Court may be just and proper.

Dated: New York, New York
       November 15, 2024

                                      JESS M. BERKOWITZ (JMB3316)
                                      Attorney for Plaintiffs
                                      Office & P.O. Address
                                      401 Broadway, Room 2306
                                      New York, New York 10013
                                      (917) 733-7701